# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ABRAHAM PINZON, <br> *Plaintiff* <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, and MENDOCINO COUNTY HEALTH & HUMAN SERVICES AGENCY, <br> *Defendants* | § § § § § § § § § § § § § | Case No. 1:24-CV-00320-DII-SH |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE DISTRICT COURT

Before the Court are Plaintiff Abraham Pinzon's Complaint (Dkt. 1) and Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 2), both filed March 22, 2024. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for Cases Assigned to Austin Docket II. Dkt. 3.

### I. Background

Plaintiff Abraham Pinzon, a resident of Fort Bragg, California proceeding *pro se*, brings this civil rights action against the Department of Health & Human Services, the California Department of Health Care Services, and the Mendocino County Health & Human Services Agency.

### II. Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he

1

is unable to pay such fees or security. A court's "determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024).

After reviewing Pinzon's Financial Affidavit, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Pinzon *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Pinzon also is advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed the claims in the Complaint (Dkt. 1) under 28 U.S.C. § 1915(e)(2) and recommends that Pinzon's lawsuit should be dismissed. Service on Defendants should be withheld pending the District Court's review of these recommendations.

### III. Section 1915(e)(2) Frivolousness Review

Because Pinzon has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under Section 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**A. Legal Standard**

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts also may dismiss complaints as frivolous or malicious

"if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff" or duplicate allegations of another pending federal lawsuit by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

**B. Pinzon's Complaint is Malicious**

Pinzon brings claims under 42 U.S.C. §§ 1983 and 1986. He alleges that Defendants improperly deducted past-due insurance premiums from his monthly Social Security disability benefits in 2009, 2017, and 2018, and that the reduction of his benefits constitutes embezzlement of federal funds and wire fraud. He alleges that these actions are politically and racially motivated.

Pinzon has filed lawsuits raising the same or similar claims in four other federal district courts. He first sued the California Department of Health Care Services ("DHCS") and the Mendocino County Health & Human Services Agency ("HHSA") in the U.S. District Court for the Eastern District of California, alleging the same unlawful deduction of his benefits, but dismissed that case after it was transferred to the Northern District of California. *Pinzon v. Leoz*, No. 3:22-cv-07277 (N.D. Cal. Feb. 1, 2023), Dkt. 12. Pinzon again filed suit in the Eastern District of California against the U.S. Department of Health & Human Services, California DHCS, Mendocino County HHSA, and the U.S. District Court for the Northern District of California, alleging the same fraud claim based on unlawful deductions and that the Northern District of California aided Defendants in the first case. *Pinzon v. Cal. Dep't of Health Care Servs.*, No. 2:23-cv-0008, 2024 WL 557761 (E.D. Cal. Feb. 12, 2024). The court dismissed Pinzon's complaint for failure to state a claim but granted him leave to amend. *Id.* at *4. Pinzon filed an amended complaint, which remains pending. *Pinzon v. Cal. Dep't of Health Care Servs.*, No. 2:23-cv-0008 (E.D. Cal. Feb. 20, 2024), Dkt. 13.

Pinzon then sued for the same claims in the U.S. District Court for the District of Columbia

against Defendants and the "federal district courts in California"; that case was dismissed for failure to state a claim and lack of jurisdiction. *Pinzon v. U.S. Dep't of Health & Hum. Servs.*, No. 1:23-cv-02012, 2023 WL 5275124 (D.D.C. Aug. 15, 2023). Next, Pinzon filed suit alleging the same claims in the U.S. District Court for the District of Maryland against Defendants, the Social Security Administration, and the "California federal courts"; that case also was dismissed for failure to state a claim related to fraud and lack of jurisdiction over judgments issued by the California federal courts. *Pinzon v. Soc. Sec. Admin.*, No. JRR-23-2714, 2023 WL 6643314 (D. Md. Oct. 12, 2023), *aff'd*, No. 23-2182, 2024 WL 863662 (4th Cir. Feb. 29, 2024).

An action may be dismissed as frivolous or malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman* 980 F.2d at 994-95; *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989). Courts confronted with a lawsuit duplicative of a pending case ordinarily should "dismiss it in favor of the case that was filed earlier," ensuring that "the plaintiff obtains one bite at the litigation apple—but not more." *Id.* at 995.

This lawsuit is duplicative of four other suits Pinzon has filed, including one still pending in the Eastern District of California. *Pinzon v. Cal. Dep't of Health Care Servs.*, No. 2:23-cv-0008 (E.D. Cal.). Because Pinzon duplicates the allegations of Defendants' wrongful conduct related to his disability benefits in another pending federal lawsuit, his complaint is malicious, and this Magistrate Judge recommends that it be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). As this is Pinzon's fifth lawsuit alleging similar facts and claims against Defendants and any amended complaint would be duplicative and futile, the Court also recommends dismissal without the opportunity to amend. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

4

## IV. Order

Plaintiff Abraham Pinzon's Application to Proceed *In Forma Pauperis* (Dkt. 2) is **GRANTED**.

## V. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** this complaint as malicious under 28 U.S.C. § 1915(e)(2).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 23, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE